UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

D.L. and K.L., by and through their
Next Friend Phan L., and S.L.,

       Plaintiffs,

v.                                        CASE NO. 3:12-cv-208-J-32JBT

MICHELE BATEMAN, in her official
capacity as Warden of Lowell Annex,
and KENNETH TUCKER, in his official
capacity as Secretary of the
Department of Corrections,

       Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiff[s'] Motion to Proceed Anonymously ("the Motion") (Doc. 3). The Motion requests leave for Plaintiffs, D.L., K.L., and S.L., to proceed anonymously in this case. (*Id.*) The Motion also seeks leave for Phan L., the next friend of D.L. and K.L., to proceed anonymously. (*Id.*) Defendants do not oppose the Motion, and in fact state that they "have taken care to only refer to Plaintiffs by their names as reflected in the case style Plaintiffs have chosen and will continue to do so throughout the pendency of this litigation." (Doc. 14 at 1.) For the reasons stated herein, the Motion is due to be **GRANTED**.

**I.    Background**

Plaintiff S.L. is an inmate at a correctional institution operated by the Florida Department of Corrections. (Doc. 1 at 3.) She, along with her minor children, D.L. and K.L., have brought this action against Defendants, alleging violations of their constitutional rights based on Defendants' refusal to authorize visitation between

S.L. and her children.  (*Id.* at 1-2.)  As D.L. and K.L. are children, their father and next friend Phan L., has brought this suit on their behalf.  (*Id.* at 3.)

In the Motion, Plaintiffs request that they be allowed to proceed anonymously because the proceedings in this case "will involve a significant amount of information that is of the 'utmost intimacy.'" (Doc. 3 at 4.)  In support, they assert the following:

> Due to the issues presented in their claim, the familial and thus very personal relationship between the Plaintiffs will likely be made a central issue in the case.  Furthermore, Plaintiff D.L. and K.L. were required, pursuant to Defendant's administrative rule to support their request for visitation with their mother, S.L. with opinions about their best interests from licensed mental health counselor (LMHC).  Defendant's administrative rule is also a central issue in the case and, thus, the best interests of the children as reflected in the LMHC's opinions will likely be examined in detail during the proceedings.  The personal, familial relationship of the Plaintiffs and the best interests of the minor Plaintiffs is all information of the "utmost intimacy" and supports granting [the Motion].

(*Id.* at 4-5.)  They further assert that, "[s]ince Plaintiff S.L. and Next Friend Phan L. share the last name of Plaintiffs D.L. and K.L., it is also within the public interest to allow them to proceed by initial to protect the privacy of the children."  (*Id.* at 5.)

II.  **Analysis**

There is a "strong presumption in favor of parties proceeding in their own names."  *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011).  However, a party wishing to proceed anonymously may overcome this presumption "by showing that he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'"  *Id.* at

2

1315-16 (citation omitted). In evaluating a plaintiff's asserted privacy right, a court "'should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns.'" *Id.* at 1316 (citation omitted).

> The first step in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in [*Southern Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707 (5th Cir. 1979)]. First, are the plaintiffs seeking anonymity challenging governmental activity? Second, will they be required to disclose information of the utmost intimacy? Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?

*Id.* at 1316 (citation omitted). Some of these factors may not be relevant in a given case. *Id.* ("The only relevant consideration of the three-part *SMU* test here is the second question . . . ."). Furthermore, courts may consider other circumstances, including whether the plaintiffs are minors. *Id.* (citation omitted).

Upon consideration of the totality of the circumstances in the present case, the Court finds that Plaintiffs have met their burden to overcome the presumption of openness in judicial proceedings. First, Plaintiffs are challenging governmental activity. (Doc. 1.) Second, it appears that Plaintiffs will be required to disclose information of the utmost intimacy. *See Plaintiff B*, 631 F.3d at 1316. The Motion asserts that a mental health counselor's opinions about D.L.'s and K.L.'s best interests, as those interests relate to visitation between them and their mother, will likely be examined in detail during this case. (Doc. 3 at 5.) It appears that these

opinions would constitute information of the utmost intimacy, especially when considering that D.L. and K.L. are minors.

Finally, the fact that D.L. and K.L. are minors, in and of itself, weighs heavily in favor of granting the Motion. The Fifth Circuit emphasized "the special status and vulnerability of . . . child-litigants." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). That same court considered state law in determining a minor's entitlement to heightened privacy protections. *Id.* Pursuant to the Florida Rules of Judicial Administration, all filings in Florida state courts should be formatted to include only the initials of persons known to be children. FLA. R. JUDICIAL ADMIN. 2.425(a). Further, this Court's own procedures require that any person known to be a minor be designated by the minor's initials. *See* Section II.I.1 of Administrative Procedures for Electronic Filing in Civil and Criminal Cases, United States District Court, Middle District of Florida.

Upon consideration of the above discussed factors, as well as Defendants' lack of opposition to the Motion, the Court concludes that the minor Plaintiffs, D.L. and K.L., have satisfied their burden to overcome the presumption of openness in judicial proceedings. Those same considerations also support allowing their parents, S.L. and Phan L., to proceed anonymously, because public disclosure of their identities would nullify any privacy protection given to their children alone. *See Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D.N.J. 2010) (allowing the father to proceed anonymously to protect the identity of his minor daughter).

Accordingly, it is **ORDERED**:

The Motion (**Doc. 3**) is **GRANTED**. Plaintiffs may proceed anonymously in this case.

**DONE AND ORDERED** at Jacksonville, Florida, on May 2, 2012.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:   Counsel of Record